# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANIEL MEDINA, an individual, | Case No. 2:24-cv-06340-FLA (RAOx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| STILA STYLES, LLC, a Delaware limited liability company; MARIANO TESTA, an individual; and Does 1-25, inclusive, | |
| Defendants. | |

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation ("the Litigation"), the parties agree and stipulate, through their respective counsel, to the entry of the following Protective Order for the protection of Confidential Material and Highly Confidential Material – Attorney's Eyes Only (as defined herein) that may be produced or otherwise disclosed during the course of this Litigation by any party or non-party. The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Protective Order shall govern the handling of discovery materials in the Litigation:

8229046

1.  **Applicability of Order:**  This Order does not and will not govern any trial proceedings in this Litigation, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a party in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this action that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information.

2.  **Good Cause Statement:**  This action is likely to involve trade secrets, business, research and development, design information, technical information, marketing information, sales information, store sales, store information, customer information and requirements, planning, personal, or commercial information, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to

ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **Acknowledgment of Procedure for Filing Under Seal:** The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as Confidential Material or Highly Confidential Material – Attorney's Eyes Only does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

8229046

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, <u>605 F.3d 665, 677-79</u> (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4. **Designation of Material:**  Any Producing Party may designate Discovery Material that is in their possession, custody or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential Material - Attorney's Eyes Only" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in sections 4 and 5 below, (hereinafter "Confidential Material" or "Highly Confidential Material - Attorney's Eyes Only").

5. **Exercise of Restraint and Care in Designating Material for Protection.**  Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific

material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

6. **Confidential Material:** For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, sales information, store sales, customer information and requirements, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7).

7. **Highly Confidential Material – Attorney's Eyes Only:** For purposes of this Order, Highly Confidential Material – Attorney's Eyes Only is any Confidential Material as defined in paragraph 4 which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, research and development, sales, customer information or requirements, store sales, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party. Materials designated "Highly Confidential Material – Attorney's Eyes Only" shall be maintained in confidence by the Receiving Party's counsel of record in this litigation, and shall not be disclosed to any person, except such person(s) authorized to receive the Highly Confidential Material – Attorney's Eyes Only, pursuant to paragraph 11 of this Order. Notwithstanding the foregoing, this Order shall not apply to computer source code and related materials, or similar highly sensitive materials requiring

special protection, which shall be subject to additional forms of protection pursuant to further order of this Court.

8. **Designating Confidential Material or Highly Confidential Material - Attorney's Eyes Only:**  The designation of Discovery Material as Confidential Material or Highly Confidential Material - Attorney's Eyes Only for purposes of this Order shall be made in the following manner:

a. **Documents:**  In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential - Attorney's Eyes Only" to each page containing any Confidential Material or Highly Confidential Material - Attorney's Eyes Only, respectively.

b. **Deposition and Other Proceedings:**  In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential Material - Attorney's Eyes Only shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the draft transcript of such proceeding. However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Highly Confidential Material – Attorney's Eyes Only. All portions of deposition transcripts not designated Confidential Material or Highly Confidential Material - Attorney's Eyes Only as provided in paragraphs 4 and 5 shall be deemed not confidential.

c. **Non-Written Materials:**  Any non-written Confidential Material or Highly Confidential Material - Attorney's Eyes Only (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such non-written material designated as "Confidential" or "Highly Confidential - Attorney's

8229046

Eyes Only." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription shall take reasonable steps to maintain the confidentiality of such materials.

9. **Inadvertent Disclosure:**  The inadvertent failure to designate Discovery Material as Confidential Material or Highly Confidential Material - Attorney's Eyes Only does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing Party.

10. **Notes of Confidential Material or Highly Confidential Material:** Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material or Highly Confidential Material - Attorney's Eyes Only, that quote from or paraphrase, Confidential Material or Highly Confidential Material - Attorney's Eyes Only with such specificity that the Confidential Material or Highly Confidential Material - Attorney's Eyes Only can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Material or Highly Confidential Material - Attorney's Eyes Only from which they are made and shall be subject to all of the terms of this Protective Order.

11. **Notice To Non-Parties:**  Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10)

calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

12. **Persons Authorized To Receive Confidential Material:** Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

a. The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

b. Counsel of record in this Litigation, as well as paralegals, technical, administrative and clerical employees working under the direct supervision of such counsel, but excluding any attorney / law firm who represents any person or entity not a party to this Litigation who is a supplier, subcontractor, lender, licensor, or vendor of any party to this Litigation;

c. Subject to paragraph 12 hereof, experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A;

d. Individual named plaintiffs who have a need to know such information for purposes of this Litigation and who have signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A;

e. Officers, directors or employees of parties who have a need to know such information for purposes of this Litigation and who have signed the

"Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A;

f. Graphics, translation, or design services retained by counsel of record in this Litigation for purposes of this Litigation, provided authorized representative(s) of the company performing the services have signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A. A signature by an authorized representative of the company who confirming that they have appropriately advised the relevant employees of the confidentiality obligations in this order and have taken reasonable steps to comply thereto shall be sufficient;

g. Commercial copy vendors retained by counsel of record in this action for purposes of this Litigation, provided authorized representative(s) of such vendors have signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A. A signature by an authorized representative of the company confirming that they have appropriately advised the relevant employees of the confidentiality obligations in this order and have taken reasonable steps to comply thereto shall be sufficient;

h. During their depositions, witnesses in the Litigation who agree on the record to maintain the confidentiality of relevant documents or information shown to them or who have signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A (except that persons described in sub-paragraph (i) below do not need to sign Exhibit A to be shown Confidential Material in their depositions). In the event of refusal of the witness to execute such confidentiality agreement, such witness shall nevertheless be deemed bound by the terms of this Order; furthermore the party or parties seeking to use such information and the Producing Party will secure from a court having jurisdiction over such witness such order and directions directed specifically to

8229046

such witness containing such provisions as are consistent with the terms of this Order; and the Producing Party will cooperate fully in the making of any such application;

i. Any person indicated by a document marked as Confidential Material to be an author, addressee, or copy recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material; and

j. Any other person, only upon order of the Court or upon stipulation of the Producing Party who has signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A.

13. **Persons Authorized To Receive Highly Confidential Material – Attorney's Eyes Only:** Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material – Attorney's Eyes Only or its contents shall not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person or entity, directly or indirectly, other than the following:

a. The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in this Litigation or any appeal there from;

b. Counsel of record in this Litigation, as well as paralegals, technical, administrative, and clerical employees working under the direct supervision of such counsel, provided each has signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A, but excluding any attorney / law firm who represents any person or entity not a party to this Litigation

8229046

10

who is a supplier, subcontractor, lender, licensor, or vendor of any party to this Litigation;

c. Subject to paragraph 12 hereof, experts or consultants necessary to assist counsel of record in this Litigation, provided such experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A;

d. Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits, provided authorized representative(s) of the company performing such services have signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A;

e. Commercial copy vendors retained by counsel for purposes of this Litigation, provided such vendors have signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A;

f. During their depositions, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A (except that persons described in sub-paragraph (g) below do not need to sign Exhibit A to be shown Highly Confidential Material – Attorney's Eyes Only in their depositions);

g. Any person indicated by a document marked Highly Confidential Material – Attorney's Eyes Only to be an author, addressee, or copy recipient of the Highly Confidential Material – Attorney's Eyes Only, or as to whom there has been testimony, whether at deposition or trial or by declaration or affidavit, that the person was the author or recipient of the Highly Confidential Material - Attorney's Eyes Only; and

8229046

11

h. Any other person, only upon order of the Court or upon stipulation of the Producing Party, and who has signed the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A.

14. **Qualification of Outside Experts and Consultants:** Neither Confidential nor Highly Confidential Material – Attorney's Eyes Only shall be disclosed to any outside experts or consultants who are current employees or consultants of a direct competitor of any of the entities named in the Litigation. With respect to outside experts or consultants who were employed by a direct competitor of any of the entities named in the Litigation within one (1) year from the date of this Order, Confidential and Highly Confidential Material – Attorney's Eyes Only may be shared with those experts or consultants only after counsel for the entities named as defendants in this Litigation are given at least twenty (20) days prior written notice of the identity of the expert or consultant to whom such Confidential or Highly Confidential Material – Attorney's Eyes Only is to be disclosed (including their name, address, current job title and the names of any direct competitors by which they have been employed), are afforded an opportunity to object to the disclosure of the Confidential or Highly Confidential Material– Attorney's Eyes Only, and a resolution to any such objection has been reached. Notwithstanding paragraphs 10(c) and 11(c), Confidential Material or Highly Confidential Material – Attorney's Eyes Only may be provided to experts or consultants only for the purpose of aiding, assisting, or allowing such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a party in this Litigation.

15. **Use of Discovery Material:** Discovery Material containing Confidential and/or Highly Confidential Material – Attorney's Eyes Only shall be used solely for purposes of the Litigation, including any appeal and retrial. Any person or entity in possession of Discovery Material designated Confidential or

8229046

Highly Confidential – Attorney's Eyes Only (defined above) shall maintain those materials in accordance with paragraph 17 below.

16. **Restriction on Disclosure in Actions Outside the United States**: Neither Confidential nor Highly Confidential Material – Attorney's Eyes Only shall be disclosed, shared, distributed, or otherwise provided in any manner to legal counsel in pending or threatened litigation against Stila Styles, LLC, or any of its entities outside of the United States through any other provision of this Protective Order, including but not limited to paragraphs 10, 11, 12 and 13, regardless of whether such legal counsel can be classified as a consultant or affiliate of any United States attorney of record in any legal proceedings against Stila Styles, LLC, or any of its entities within the United States. This restriction does not apply to valid subpoenas, court orders, or other legal mandates requiring disclosure, subject to this Protective Order, of Confidential or Highly Confidential – Attorney's Eyes Only Materials, in or outside of the United States.

17. **Agreement Must Be Signed Prior To Disclosure.** Each person to whom Confidential or Highly Confidential Material – Attorney's Eyes Only may be disclosed that is also required to sign the "Agreement Concerning Information Covered by Protective Order" (attached hereto as Exhibit A) pursuant to Paragraphs 10(c)-10(h), 10(j), 11(b)-11(f), and 11(h) shall do so prior to the time such Material is disclosed to him or her.

18. **Exclusion of Individuals From Depositions:** Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential or Highly Confidential Material – Attorney's Eyes Only, but only during periods of examination or testimony directed to or comprising information that is Confidential or Highly Confidential.

8229046

19. **Storage Of Confidential Material or Highly Confidential Material:** The recipient of any Confidential Material or Highly Confidential Material – Attorney's Eyes Only that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order.

20. **Filing of Confidential Material or Highly Confidential Material.** Without written permission from the Producing Party or a court order, a party may not file in the public record in this action any Confidential Material or Highly Confidential Material – Attorney's Eyes Only. The parties shall comply with Local Rule 79-5 when seeking to file Confidential Material or Highly Confidential Material – Attorney's Eyes Only under seal.

The party desiring to place any Confidential Material or Highly Confidential Material – Attorney's Eyes Only before the Court shall lodge the information in a sealed envelope along with an application to file the papers or the portion thereof containing Confidential Material or Highly Confidential Material – Attorney's Eyes Only under seal and a copy of a Proposed Order Sealing Documents. Said envelope shall be endorsed with the title of the Litigation, an indication of the nature of the contents of such sealed envelope, the identity of the party filing the materials, the phrase "Confidential Material" or "Highly Confidential Material – Attorney's Eyes Only," and a statement substantially in the following form:

THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS LITIGATION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT. UNLESS THE COURT ORDERS THAT IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL.

Additionally, within seven (7) days from the date that the papers (or portions thereof) were filed under seal consistent with the above procedures, the party who filed the papers under seal also shall file in the public record a version of the papers that has been redacted to omit the Confidential Material or Highly Confidential Material – Attorney's Eyes Only (or any references thereto).

The parties shall also comply with Local Rule 5.2-1 with respect to the appropriate treatment of personal data identifiers in connection with any filing with the Court.

21. **No Prejudice:**  Agreeing to be bound by this Protective Order, agreeing to and/or producing or receiving Confidential Material or Highly Confidential Material – Attorney's Eyes Only or otherwise complying with the terms of this Order shall not:

a. Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Material or Highly Confidential Material – Attorney's Eyes Only;

b. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

c. Prejudice in any way the rights of a party to seek a determination by the Court whether any Confidential Material or Highly Confidential Material – Attorney's Eyes Only should be subject to the terms of this Order;

d. Prejudice in any way the rights of a party to petition the Court for a protective order relating to any purportedly confidential information; or

8229046

**15**

STIPULATED PROTECTIVE ORDER

e. Prevent a Disclosing Party from authorizing disclosure of its own Confidential Material or Highly Confidential Material – Attorney's Eyes Only to any party.

22. **Challenging Designation of Materials:** A party shall not be obligated to challenge the propriety of a Confidential Material or Highly Confidential Material – Attorney's Eyes Only designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Litigation.

a. **Challenge:** The Receiving Party may challenge the propriety of a Confidential Material or Highly Confidential Material – Attorney's Eyes Only designation by providing to Producing Party a writing which briefly: (i) identifies with reasonable particularity the documents and/or information  which  are  the subject of the challenge; and (ii) describes the basic legal or factual grounds for the challenge.

b. **Meet and Confer and Motion:** Once a challenge is made, the Producing Party will bear the burden of initiating and conducting a sufficient meet and confer (per Local Rule 37-1); and, if necessary, Producing Party will bear the burdens of proof and persuasion in moving for a Protective Order (per Local Rule 37-2) to uphold the challenged Confidential Material or Highly Confidential Material – Attorney's Eyes Only designation(s). If the Producing Party does not initiate the discovery motion process under Local Rule 37 within ninety (90) days of a challenge, the subject Confidential Material designation or Highly Confidential Material – Attorney's Eyes Only designation is effectively withdrawn and the subject documents and material may be used for all purposes in this Litigation. The Receiving Party must make de-designation requests in good faith. Mass, indiscriminate, or routinized requests for de-designation are prohibited.

      c. **Status of Challenged Designation Pending Judicial Determination:** Until the court rules on the timely filed Motion for Protective Order, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

23. **No Application to Public or Otherwise Available Information:** This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as protected material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of protected material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's protected material; or (iv) has been published to the general public. If the Receiving Party believes that the Disclosing Party has designated information that is covered by any of the preceding categories as Confidential Material or Highly Confidential Material – Attorney's Eyes Only, the Receiving Party shall challenge the propriety of such designation using the procedure outlined in paragraph 20 above. Any challenged designation remains in force until the propriety of such designation has been decided as outlined above.

24. **No Waiver of Privilege:** Disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This Order is

8229046

intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that "A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court–in which event the disclosure also is not a waiver in any other federal or state proceeding." Upon discovery by a Producing Party (or upon receipt of notice from another party) that he/she/it may have produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production. After being notified, all other parties must promptly return, sequester, or destroy the Privileged Information and any days of receipt of the request for the return of the Privileged Information. The parties thereafter shall meet and confer in good faith regarding the disputed claim within thirty (30) days. In the event that the parties do not resolve their dispute, either party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the Producing Party shall submit to the Court for in camera review under seal a copy of the disputed information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.

Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Objecting Party may challenge the assertion of any privilege or protection by the Producing Party. In addition, nothing in this provision shall permit the Producing Party to seek to withhold or "claw back" a previously-produced document in this Litigation if that document was the subject of deposition testimony in this Litigation and the Producing Party did not provide

8229046

**18**

notice, as described above in paragraph 6(b), within thirty (30) days after the deposition that the document was privileged or protected and should be returned.

25. **Additional Parties or Attorneys:** In the event additional parties join or intervene in this action, the newly joined party(ies) shall not have access to Confidential Material or Highly Confidential Material – Attorney's Eyes Only until its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order. If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential Material or Highly Confidential Material – Attorney's Eyes Only until they execute the "Agreement Concerning Information Covered by Protective Order," attached hereto as Exhibit A.

26. **Protective Order Remains In Force:** This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive copies he/she/it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the Privileged Information if he/she/it disclosed the Privileged Information before being notified. If any party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within thirty (30) the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

27. **No Prejudice For Further Relief:** This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

8229046

28. **No Waiver of Grounds For Producing Material:**  This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

29. **Conclusion of Litigation:**  Within ninety (90) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, all persons having received Confidential Material or Highly Confidential Material – Attorney's Eyes Only shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Confidential Material or Highly Confidential Material – Attorney's Eyes Only and, in either case, certify that fact to counsel for the Producing Party. Counsel of record shall make arrangements for the return of Confidential Material or Highly Confidential Material – Attorney's Eyes Only that counsel of record provided to any persons or entities in paragraphs 11 and 12, except the Court, court personnel and court reporters. Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, and Confidential Material or Highly Confidential Material-Attorney's Eyes Only to the extent required to comply with their ethical obligations or insurance requirements, provided that such outside counsel of record shall not disclose Confidential Material or Highly Confidential Material – Attorney's Eyes Only to any person except pursuant to a court order or agreement with the party that produced the Confidential Material or Highly Confidential Material – Attorney's Eyes Only. All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph.

30. **No Loss of Confidential or Highly Confidential Status By Use In Litigation or Appeal:**  In the event that any Confidential or Highly Confidential

Material – Attorney's Eyes Only is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential or Highly Confidential Material – Attorney's Eyes Only shall not lose its status as Confidential or Highly Confidential – Attorney's Eyes Only through such use. Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentially of any documents, information and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

31. **Protected Material Subpoenaed or Ordered Produced in Other Actions:** If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential Material or Highly Confidential Material – Attorney's Eyes Only by someone other than the Receiver, the Receiver shall give prompt written notice by hand or facsimile transmission within ten (10) business days of receipt of such Demand to the person, party, or third party who produced or designated the material as Confidential Material or Highly Confidential Material – Attorney's Eyes Only, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party who produced or designated the material as Confidential Material or Highly Confidential Material – Attorney's Eyes Only. Unless the person, party, or third party who produced or designated the Confidential Material or Highly Confidential Material – Attorney's Eyes Only obtains an order directing that the Demand not be complied with, and serves such order upon the Receiver prior to production pursuant to the Demand, the Receiver shall be permitted to produce documents responsive to the Demand on the Demand

response date. Compliance by the Receiver with any order directing production pursuant to the Demand of any Confidential Material or Highly Confidential Material – Attorney's Eyes Only shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

32. **Advice Based on Discovery Material Allowed:**  Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to their client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Material or Highly Confidential Material – Attorney's Eyes Only; provided, however, that in rendering such advice and in otherwise communicating with their client, the attorney shall not disclose the contents of any Confidential Material or Highly Confidential Material – Attorney's Eyes Only produced by another party if that disclosure would be contrary to the terms of this Protective Order.

33. **Redaction Allowed:**    Any Producing Party may redact from the documents and things it produced matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document.

34. **Violations of Protective Order:**  In the event that any person or party should violate the terms of this Protective Order, the aggrieved Disclosing Party should apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that

the aggrieved Disclosing Party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

35. **Headings:**  The headings herein are provided only for the convenience of the parties and are not intended to define or limit the scope of the express terms of this Protective Order.

DATED:  August 8, 2025          Respectfully stipulated to and submitted by,

THE GUHA LAW FIRM

By: */s/ Ranojoy Guha*
    RANOJOY GUHA
    Attorneys for Plaintiff Daniel Medina

DATED:  August 8, 2025          THOMPSON COBURN LLP

By: */s/ Cara A. Strike*
    JOHN L. VIOLA
    CARA A. STRIKE
    CHARLES M. POPLSTEIN (*pro hac vice*)
    Attorneys for Defendant Stila Styles, LLC

## ATTESTATION OF E-FILED SIGNATURE

Pursuant to Civil L.R. 5-4.3.4(a)(2), I certify that I am the ECF User whose ID and password are being used to file the foregoing Stipulated Protective Order, and I have obtained the authorization from the above signatories to file the above-referenced document, and that the above signatories concur in the filing's content.

DATED:  August 8, 2025

/s/ Cara A. Strike
Cara A. Strike

1

## <u>ORDER</u>

2
      FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

3
DATED:  August 19, 2025

4

5

6

_____

7
Honorable Rozella A. Oliver
United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8229046

25

# **EXHIBIT A**

## **UNITED STATES DISTRICT COURT**

## **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| DANIEL MEDINA, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>STILA STYLES, LLC, a Delaware limited liability company; MARIANO TESTA, an individual; and Does 1-25, inclusive,<br><br>            Defendants. | Case No. 2:24-cv-06340-FLA (RAOx)<br><br>**EXHIBIT A - UNDERTAKING OF STIPULATED PROTECTIVE ORDER** |

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in this action Case No. 2:24-cv-06340-FLA (RAOx) by the United States District Court for the Central District of California, Western Division (hereinafter, "the Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

If I receive documents or information designated as Confidential Material or Highly Confidential Material – Attorney's Eyes Only, (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order, even if such enforcement proceedings occur after termination of this action.

My address is _____

My present employer is _____

Dated _____

Signed: _____